William D. HARVEY, Petitioner–Appellant,

v.

Hardy MYERS, Respondent–Appellee.

No. 00–35851.

D.C. No. CV–98–06001–MRH.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2001 *.

Decided Nov. 27, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

851

Before HUG, T.G. NELSON and GOULD, Circuit Judges.

MEMORANDUM **

William Donald Harvey appeals the denial of his 28 U.S.C. § 2254 petition for writ of habeas corpus challenging his 1992 state court conviction for first degree rape and incest of his adult sister. Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our disposition.

Harvey's federal habeas corpus petition asserted due process claims that were not presented to the state court. Harvey contends that the district court should have reached the merits of these claims because his mother's affidavit constituted new evi-

dence of his actual innocence sufficient to excuse a conceded procedural default of his constitutional claims in state court. We disagree and affirm the district court's denial of Harvey's petition.

■ To overcome the procedural default and argue his otherwise barred constitutional claims in federal court, Harvey must show that his mother's affidavit demonstrates that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Schlup v. Delo,* 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). This standard requires us to "make a probabilistic determination about what reasonable, properly instructed jurors would do" such that "in the light of the new evidence, no juror, acting reasonably, would have voted to find [Harvey] guilty beyond a reasonable doubt." *Id.* at 329, 115 S.Ct. 851. Newly discovered impeachment evidence in some instances can be sufficient to show actual innocence. *See Carriger v. Stewart,* 132 F.3d 463, 481–82 (9th Cir.1997) (en banc), *cert. denied,* 523 U.S. 1133, 118 S.Ct. 1827, 140 L.Ed.2d 963 (1998).

■ The affidavit of Harvey's mother was offered to impeach the credibility of Harvey's sister who accused Harvey of the incestuous rape. The mother's affidavit states (1) that Harvey's sister never complained to the mother about any childhood sexual abuse by Harvey, and the mother was aware of none; and (2) that it is the mother's opinion that her daughter was not a truthful person. The mother's proffered testimony presents no new facts about the rape and does not truly contradict the facts relied on by the jury, such as the amount of alcohol consumed, the location of the clothing discovered at the house, the degree to which Harvey and his sister were intoxicated, and the sister's

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

mental and physical state on the night of the rape. Indeed, Harvey's accusing sister testified that she had not complained to her mother of sexual abuse as a child. The record also shows that Harvey's mother was an unreliable witness and impeachable because of a history of substance abuse and her prior comment that the rape may have occurred.

The mother's affidavit fails to "cast a vast shadow of doubt over the reliability of the conviction such that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Sistrunk v. Armenakis*, No. 99–36000, 2000 WL 33582654, \*4 (9th Cir. Oct.16, 2001) (quotation marks and citations omitted). Harvey's proffered evidence is insufficient to satisfy *Schlup's* standard for asserting actual innocence. AFFIRMED.